OPINION. Murdock, Judge: This is another case in which the Commissioner has refused to recognize for income tax purposes a family arrangement in the form of a, partnership agreement under which the wife and minor children rendered no services and brought no capital to the business owned and conducted by the husband, except as he attempted to divide among them a part of his existing interest in the business. It is now well established that all of the income of the business under such circumstances is taxable to the husband. Commissioner v. Tower, 327 U. S. 280; Lusthaus v. Commissioner, 327 U. S. 293; Floyd D. Akers, 6 T. C. 693; W. M. Mauldin, 5 T. C. 743; affd., 155 Fed. (2d) 666. Cf. Francis A. Parker, 6 T. C. 974. It is not contended that the children or the wife contributed anything to the business except what they had simultaneously received by alleged gifts from the petitioner. Some of the children worked during vacations and at odd times for the Lang Co., but the services they rendered were trivial, were adequately compensated for by small wages, and certainly would not show that the children were active partners in the business. The wife was not employed in the business, but it is said that the petitioner discussed all important matters with her and the children after the formation of the partnership. One of the children was ten years old. The oldest was eighteen. Obviously, the petitioner obtained no important aid from them in making the decisions which he had to make in running the business. The wife, in the Akers case, supra, likewise took an interest in the affairs, entertained business associates, and attended some meetings. The wife in the present case did no more after the formation of the partnership than she did before it was formed. She did not contribute services of a partner. We hold, upon authority of the cases cited, that the Commissioner did not err. There was no partnership for income tax purposes among the petitioner and the members of his family. It is unnecessary, in view of the above holding, to consider other questions which might arise in this case, such as, for example, questions arising under the law of Utah in regard to the earnings of minor children and their rights and obligations under agreements such as the one here involved. Reviewed by the Court. Decision will be entered for the respondent.